We are now reporting here ye here ye this honorable appellate court for the second judicial district is now in session the honorable liam c presiding your honor is the first case on the docket this morning it's two that's 21 that's 0757 the people of the state of illinois Mr stone when you're ready you may proceed may it please the court good morning my name is what was offered as a factual basis for Mr Flores because when we look at that we see the basis of our claim for actual innocence interject a question um of course before we get into the merits of the case um if you could address a preliminary matter um this is matter before the court is a successive post-conviction petition correct that is correct so my understanding of reading the briefs and the state's argument that a motion was not filed with the trial court seeking leaves to file a successive petition is that correct i think the judge shanes permitted us to file the successive petition i did not file a written motion okay more to the point the state as you probably know is asking us to strike and dismiss the petition preferred to cite authority relative to the standards governing successive post-conviction petition so how do you respond to that argument my response is that this is a case of constitutional magnitude the judge ignored the finding of boykin versus alabama depriving Mr Flores of his constitutional right to a fair plea a knowledgeable waiver of his right to trial and the 14th amendment due process clause those issues require this court to reverse the dismissal of Mr Flores's petition and remand this cause for a stage two hearing Mr Stone does boykin require a factual basis for a plea well boykin says that no plea can be made without there being an actual face-to-face disclosure to the court that the accused who is entering the plea is doing so knowingly and intelligently and freely that he understood i'm sorry okay is there anything new um that you've alleged that either counsel or your client didn't know at the time of the plea uh he first of all he is a a mexican national with limited english resources but most importantly is there any allegation that there was no interpreter available to him no there is not i just want to be clear okay the the issue is when the prosecutor said that Mr Flores did not set the fire that Mr Flores was not present when the fire was set that Mr Flores did not order others to set a fire and in fact Mr Flores didn't even know that others had set a fire all as part of the so-called factual basis for this plea and the court accepted that as a factual basis the record is clear that no factual basis to a crime of uh intent a crime of knowledge uh was made and so accepting is true what you've just said that was equally available in the original post-conviction petition to justice jorgenson's question what's new the only thing new is that it is clear that the state's reliance on rule 402 is not the issue in this case and the issue is a violation of the constitution under the principles of boykin and Mr Flores is entitled to a hearing on that constitutional violation which is in fact a statement of actual innocence judge as you know actual the crime of aggravated arson has a mens rea of knowing or knowingly consciously aware absent evidence of being consciously aware of the setting of a fire of the burning of a building it is not an a an aggravated arson and if it is not aggravated arson then the record itself within the four corners of the record demonstrates actual innocence that's the actual innocence claim that we're relying on just don't are you making an attack on the sufficiency of the factual basis it seems like that's what you're saying is the court accepted a factual basis that really in reality didn't exist or something along those lines i'm saying that when a defendant is faced with a factual basis that is contrary to the law his waiving his right to trial and entering a plea cannot be determined to be knowingly made if it is not knowingly and intelligently made it is a void plea it is a violation of the 14th amendment and whether or not rule 402 was mentioned or attempted to be adhered to that's not the issue in this case of course a violation of rule 402 may not be in and of itself a constitutional violation and therefore a violation of a supreme court rule in and of itself without more may not be the basis of a post-conviction petition we are not saying that this is a violation of 402 we are saying this is a violation of due process and the right to to plead knowingly and intelligently and the basis of that is the supreme court's opinion in boykin versus alabama i know that there is and we told you in our brief that there is a fourth that the requirements of supreme court rule 402 are not constitutionally mandated we also told you that justice craven had a dissent in that case where he says essentially that well rather than guess let's quote him in my view it is constitutionally impermissible to accept the plea of guilty without first ascertaining a factual basis for the plea justice craven's statement is i think thoughtful and clear that's exactly what happened in this case and while the majority disagreed with him but the basis of the majority's opinion was a confabulation of 402 with constitutional rules the really holding precedent is the u.s supreme court's decision in boykin versus alabama the constitutional basis of mr flores's claim is the boykin ruling of the supreme court manuel flores is innocent of the offense of and that failure to establish a factual basis for the plea demands that this court grant him relief by remanding this cause for a stage two hearing are there other questions that the court may have additional questions of time so if if i'm part of a gang hierarchy and i order somebody to do this uh sos to do an sos and i don't give any details or direction as to what that sos should look like and that person goes out and you know runs him over with a car or injures him in a very serious fashion how am i not accountable even though i had no idea what the exact course of conduct was going to be well you you may be accountable in your case because the factual basis would set up a theory of accountability the problem with the state's argument in their brief citing the two cases that they cited fernandez i'm sorry give me a moment fernandez and salazar those cases are exactly the kind of case that you where the defendant was accountable uh we we distinguish those cases in our reply brief and i think distinguish them clearly this case is a case where the state said in its factual basis the only evidence we have in this case that flores didn't set the fire flores was not present when the fire was set flores did not order others to set a fire and flores didn't know that others had set a fire if the crime is a specific knowledge required mens rea and he had no knowledge of any of those things then the factual basis for that crime was never made and when presented with those facts mr flores did not and could not have knowingly way and intelligently waived his right to remain silent to a fair trial to waive trial all constitutional rights under the 14th amendment and under boykin thank you i have no further questions uh justice hudson or justice jorgensen i do not have nothing else thank you judges all right you'll have an opportunity uh for uh rebuttal mr stone miss herrington good morning your honors counsel may it please the court my name is lynn herrington and i represent the people of the state of illinois your honors i first would like to address the procedural part of this case that i i disagree with opposing counsel uh judge shames made it very clear in his order that where we're at here is a motion for leave to file a successive post-conviction petition and he did a very thorough job in setting out his analysis and even if this court agrees with opposing counsel the the proper remedy would be to remand to allow him to file a successive post-conviction petition that aside um i'd like to next address counsel's argument with regard to legal accountability and note that this court in 2014 and people versus salazar set out the law of accountability in illinois and made it quite clear that there are two bases of legal accountability what opposing counsel is talking about is the first type where a defendant shared a criminal intent the principle that's not what this case is about this case is a clear case of common criminal design common criminal design happens when a person aids another in the planning or commission of an offense then he's legally accountable and he doesn't have to engage in the planning of the exact offense what happened here was a defendant set out an sos a smash on site he didn't say what to do in fact in some of the uh documents attached to the successive post-conviction petition it notes that the defendant said get creative so when elver hernandez decided to ask his brother to help and they put together molotov cocktail and threw it into rafael juarez's home the defendant was legally accountable for those actions in killing that 12 year old boy and severely injuring two other people miss harrington if i can interject the question mr stone raises an interesting point um with the defendant issues uh orders an sos does he become legally accountable for anything and planning with elver hernandez to commit an offense so he is legally or simply giving an order where's the planning part of it the planning part of it is giving the order for the offense itself to smash on site he's telling him go over there and give him what they call a violation because he wasn't showing up at meetings and he was trying to get out of the latin kings and join another gang so he was telling him take care of this guy smash on site get creative with it there's your offense so when elver hernandez got creative with it and decided to use a molotov cocktail that's classic common criminal design i'd like to next touch on boykin versus alabama where council talks about that it is controlling in this case it is very clear your honors that boykin versus alabama was about the voluntariness of a plea not about a factual basis now an oral argument council seems to be turning his argument nor more towards a voluntary um lack of voluntary uh entering into a guilty plea that's not what he argued on in his brief he argued that there was an inadequate factual basis and this court way back in 1975 talked about boykin versus alabama in people versus pate and say boykin versus alabama had nothing to do with a factual basis and a factual basis is not does not sound in a constitutional violation and if it doesn't sound in a constitutional violation then it can't be in a post-conviction petition let alone a successive post-conviction petition the fourth district also said the same thing in people versus wiser however even if this court does decide that the factual basis issue does sound in constitutionality um for the purposes of a post-conviction petition the supporting documents were insufficient as a matter of law your honors in an actual innocence claim defendant has to prove that the documents attached to his successive post-conviction petition were new material and non-cumulative and most important of such a character that it would probably result in a different have a different result if it went to trial there's no such documents attached an overwhelming majority of them are investigative police reports from 2009 which actually hurt the defendant much more than help him um the new ones um are simply reports and one of them is a charges against them and everything they're involved in but as judge james pointed out it has nothing to do with this defendant it has nothing to do with these crimes so there's nothing in this these documents that would help the defendant or prove an actual innocence claim whatsoever so as a matter of law there's nothing here in addition the defendant has waived these to a fully negotiated plea you waived any claim of error whatsoever so for all these reasons your honor there was no error here judge shanes properly denied defendants leave to file a successive post-conviction petition are there any more questions well miss herrington if i you know your statement a um a voluntary plea would waive any claims of error but council's argument is that without a proper factual basis it could not have been a voluntary plea with regard to the factual basis your honor it is a very thorough factual basis simply because the prosecutor was doing a very good job in saying the defendant did not order the specific molotov cocktail he set out the accountability he set out the criminal design that the defendant in fact was the one who ordered the smash on site the defendant in fact was the one who told elver go ahead go over and do an sos on rafael juarez that's a factual basis for a common criminal design under the law of accountability that's clearly laid out in people versus salazar by this court you bless you thank you i do not have any additional questions uh justice jorgenson or justice hudson do you i have nothing in addition i do not all right miss herrington thank you uh mr sterling thank you again judge uh i i think that uh justice jorgenson answered the government's position that uh a uh voluntary plea of guilty uh is a waiver of constitutional claims that's true as stated but it is our position that this was anything but a voluntary uh plea of guilty it was a uh 14th amendment boykin violation of the plea of guilty for which there must be some constitutional review by this reviewing court uh the purported so so mr stone your position if i understand it is that you cannot voluntarily plead guilty where the factual basis as a matter of law does not support the uh crime to which you are pleading guilty to i think that's exactly well stated judge well let me ask this then uh as to the state's argument that you're not focusing on the common criminal design uh theory uh underlying accountability can you address that please i that's where i was going next thank you uh i think that uh justice hudson asked a pertinent question uh where is the planning there was no evidence that uh mr flores in any way helped the plan this crime he may have communicated a an sos a smash on site uh from an inca higher up to a street level uh person but but that's no planning of an offense and in fact the factual basis showed that there was no planning which gets to the government's the state's argument that the supporting documents are insufficient the supporting documents there you can disclose you can ignore all of the things appended to the uh post-conviction petition alleging actual innocence and look only within the four corners of the record the factual basis for the plea was that florist didn't set the fire florist wasn't present when the fire was set florist did not order others to set the fire in fact florist didn't even know that they had made a molotov cocktail and were going to set the fire this cannot be sustained as a planned salazar type uh uh accountability it is he is not accountable for their actions when they went beyond what they were told to do by the inca and in any event mr florence being a conduit between the inca and the street level people did not plan design or execute a crime with them uh the facts of salazar are very different from the flat facts here the facts of the uh of the other case cited by by the uh people are are even more different than the facts here uh when we say that uh mr flores didn't set a fire wasn't present when the fire was set didn't order others to set a fire and that he didn't know that others had set the fire we are saying that any plea accepted by the trial court with those facts deprived mr flores of his constitutional right to a uh knowing and intelligent plea it was an involuntary plea and this case should be remanded for a stage two hearing in the event that the court wants to take the people up on their suggestion then you could remand this case with the instruction that i file a successive post-conviction petition and of course we're prepared to do that if that is your decision is is it possible for the state to respond to that comment no okay thank you sorry in a word so but but mr stone so isn't the the common criminal design the idea is look so let's just take your events as you describe it i mean the defendant is part of a chain that gives this order do the smash and grab be creative in the the common design the plan is commit a smash and grab punish this punish juarez for you know not following gang protocols or rules or however you want to put it you know get them back in line what flowed from that was this admitted situation where the defendant was not aware of the specifics but isn't the point of the common criminal design theory underlying accountability that he doesn't have to know the details he set this in motion and bears the responsibility isn't that the point i i don't think that is the point and if we looked back to the facts of salazar at least as i remember remembered them that salazar and his co-defendants were driving around together i think they were looking for cars to break into and in that set of facts it's clear that mr salazar and his co-defendants had a single united purpose that they were working together to accomplish that purpose and that that is accountability here the act that mr flores is guilty of is communicating an order for a smash on site an sos it had nothing to do with the knowing element of the offense of legislature told us that in order to be guilty of an arson you had to knowingly start a fire you had to knowingly damage property or a home and you're under your theory if we change the go to one of the terrorism offenses that we have in illinois under your theory if i say to somebody who's under me in an organization i watch on this date i want you to go commit a terrorist act and i give no indication of what the terrorist act is and this person turns that turns around and you know blows up a building i mean i i'm guilty of that even though i had no clue which terrorist act they were going to commit is under the under the common criminal design rule do you disagree with that no i don't but that's not what we have here we have we don't have an instruction go commit a terrorist act we have an instruction go commit a smash on site and be creative so a smash on site in the parlance means go beat this guy up it doesn't mean burn his house down it doesn't mean make a molotov cocktail it doesn't mean uh throw a molotov cocktail tailed through the window of a house it doesn't mean any of those things he didn't intend or know that that was what was going to be done and the crime for which he is charged is not terrorism it is aggravated arson and in order to be guilty of an arson you have to know the act is about to take place you have to have planned that act to be taking place it is different with respect with elements of the crime as different and here those elements were never met and never proven in a factual basis thank you justice jorgenson or justice hudson any additional questions for mr stone no sir i have none thank you uh i would like to thank uh both uh parties for uh going to take this under advisement and issue an opinion in due course thank you very much thank you your honors thank you